UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARISOL SOTO, : | |
| : | |
| Plaintiff, : | C.A. No. 14-cv-7399 |
| v. : | |
| : | JURY TRIAL DEMANDED |
| TENANTALERT.COM, : | |
| : | |
| Defendant. : | |

**COMPLAINT**

I. **INTRODUCTION**

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended*.

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as TenantAlert.com ("TenantAlert"). This action involves Defendant's systematic violation of several of those important rules.

II. **PARTIES**

3. Plaintiff Marisol Soto is an adult individual who resides in Jackson Heights, New York.

4. Defendant TenantAlert.com is a business entity that regularly conducts business in the Eastern District of New York, and has principal places of business located at 23801 Calabasas Road, Suite 1022, Calabasas, CA 91302.

### III.  JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. §1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

### IV.  STATEMENT OF FACTS

6. Defendant has been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported rental history to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes but is not limited to fourteen evictions records which are not evictions against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

10. Specifically, in or around August 2014, Plaintiff applied for and was delayed in obtaining an apartment with Dunolly Gardens.

11. The basis for the delay was the inaccurate information that appears on Plaintiff's consumer reports, which was a substantial factor for the delay.

12. Plaintiff has disputed the inaccurate information with Defendant from September 2014 through the present.

13. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least September 2014 through the present.

14. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

15. Despite Plaintiff's exhaustive efforts to date, Defendant nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.  CAUSES OF ACTION
### COUNT ONE - FCRA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b) and 1861i.

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Jury Trial Demand

16. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

Adam G. Singer
**Law Office of Adam G. Singer**
1 Baker Lane
Suffern, NY 10901
asinger2@alumni.law.upenn.edu
212.842.2428
Attorney Bar # AS7294

5